# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

___

| | |
|---|---|
| **In Re:**<br><br>DAVID H. MASON and MARCIA G. MASON,<br><br>    **Debtors.** | **Bankruptcy Case No. 03-41192** |

___

| | |
|---|---|
| R. SAM HOPKINS, TRUSTEE,<br><br>    **Plaintiff,**<br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, an Ohio corporation, doing business in the State of Washington,<br><br>    **Defendant/Third Party Plaintiff,**<br><br>vs.<br><br>DAVID H. MASON and MARCIA G. MASON,<br><br>    **Third-Party Defendants.** | **Adv. Proceeding No. 04-6122** |

___

## MEMORANDUM OF DECISION
___

MEMORANDUM OF DECISION - 1

**Appearances:**

>Monte Gray, SERVICE SPINNER & GRAY, Pocatello, Idaho, Attorney for Plaintiff.

>Richard J. Hayden, Spokane, Washington, Attorney for Defendant and Third Party Plaintiff.

The matter before the Court for disposition is U.S. Bank's Motion for Default Judgment against third party defendants, Chapter 7 Debtors Marcia and David Mason. Docket No. 14. Through its motion, U.S. Bank seeks a judgment from the Court allowing it to "adjust" the unpaid balance on Debtors' debt to it and recover from Debtors the legal fees and costs it incurred in this adversary proceeding. This Memorandum of Decision is the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052.

## FACTS

Debtors filed a petition under Chapter 7 of the Bankruptcy Code on June 16, 2003. Plaintiff R. Sam Hopkins is the Chapter 7 trustee. On May 18, 2004, Plaintiff commenced this adversary proceeding against U.S. Bank. Docket No. 1. Plaintiff sought to recover $9,000 from U.S. Bank under 11 U.S.C. § 549, alleging that Debtors made an unauthorized postpetition transfer of that amount to the bank, an oversecured creditor, on June 30, 2003. U.S. Bank filed a third party complaint against Debtors for indemnity, recoupment, or setoff, seeking

MEMORANDUM OF DECISION - 2

reimbursement from Debtors for any amounts the bank paid to Plaintiff because of this lawsuit. The bank also sought recovery of its legal fees and costs from Debtors.

Debtors never filed an answer to U.S. Bank's third party complaint. However, the Court's file indicates Debtors did receive service of process. Docket No. 5. On March 30, 2005, U.S. Bank filed a motion for default judgment. Docket No. 14.

Plaintiff and U.S. Bank settled their dispute the next day. Docket No. 18. U.S. Bank agreed to pay Plaintiff $9,000, but it reserved all of its rights to participate as a creditor in Debtors' bankruptcy estate and as against Debtors as third party defendants in this adversary proceeding.

On May 20, 2005, the Court notified Plaintiff and U.S. Bank that it would hold an in-person status conference on their settlement stipulation on June 1, 2005. Docket No. 21. On May 24, U.S. Bank filed a Notice of Hearing, indicating its motion for default judgment against Debtors would be heard on June 1 as well.

At the June 1 hearing, counsel for U.S. Bank sought to clarify the relief it sought against Debtors. According to counsel, U.S. Bank had no knowledge of Debtors' bankruptcy filing prior to June 30, 2003. On June 30,

MEMORANDUM OF DECISION - 3

Debtors made a $9,000 payment to the bank on a debt secured by real property Debtors owned. Once the bank received the payment, it credited Debtors' loan balance. Ex. 3. Because U.S. Bank returned the money to Plaintiff, according to counsel, U.S. Bank simply wants to reverse the credit, and debit Debtors' loan balance.

Additionally, U.S. Bank argues the Court should order Debtors to pay the bank's legal fees and costs associated with this adversary proceeding. The bank relies on 11 U.S.C. § 506(b). It also argues it is entitled to recover its expenses for equitable reasons. Specifically, the bank contends that because it had no knowledge of Debtors' bankruptcy filing, there was no reason to refuse Debtors' unauthorized payment on their debt. In contrast, according to U.S. Bank, Debtors knew or should have known that the transfer was improper, and by making the payment nonetheless, Debtors caused the bank to incur $3,195 in legal fees and $269.50 in costs.

Based on 11 U.S.C. § 502(h), the bank filed a proof of claim for $9,000 in Debtors' bankruptcy case. It has not, however, filed a proof of claim for the underlying secured debt.

## DISCUSSION

**A. The Standard for Granting a Motion for Default Judgment.**

U.S. Bank's motion is brought under Fed. R. Civ. P. 55, which is applicable in this adversary proceeding pursuant to Fed. R. Bankr. P. 7055. Because Debtors have not appeared in this matter and U.S. Bank has requested relief other than a money judgment of a known amount, Rule 55(b)(2) applies.[1] "The Court has wide discretion under this rule in deciding whether or not to enter a default judgment. A plaintiff is not automatically entitled to entry of default judgment simply because the opposing party does not appear . . . ." *Roberts v. Nat'l Mortgage Servs.* (*In re Roberts*), 98.4 I.B.C.R. 106, 106 (Bankr. D. Idaho 1998). Rather, the Court has an independent duty to insure judgment may be properly entered. *Lakeshore Tie & Lumber, Inc. v. Mirth* (*In re Mirth*), 99.4 I.B.C.R. 146, 147 (Bankr. D. Idaho 1999); *In re Roberts*, 98.4 I.B.C.R. at 106.

---

[1] Fed. R. Civ. P. 55(b) provides in relevant part:

> (b) Judgment. Judgment by default may be entered as follows:
>
>     . . . .
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

MEMORANDUM OF DECISION - 5

**B. "Adjusting" Debtors' Account Balance With U.S. Bank.**

U.S. Bank's request for permission to reverse the $9,000 credit it made to Debtors' account is based on *Elsaesser v. Crossland Mortgage Corp.* (*In re Tondee*), 01.3 I.B.C.R. 113 (Bankr. D. Idaho 2001). In *Tondee*, the debtors made an unauthorized postpetition transfer to an oversecured creditor. The Chapter 7 trustee filed an adversary proceeding against the creditor seeking the return of the funds under § 549. The creditor filed a third party complaint against the debtors, contending that it should be able to recalculate the debtors' obligation to it based on any funds turned over to the trustee under § 549.

The Court in *Tondee* analyzed the problem as one of determining the proper amount of the creditor's claim, notwithstanding that the creditor had not filed a proof of claim.[2] One approach would be to view the creditor's claim as it existed at the time of filing, which would not be reduced by the amount of any postpetition transfer. Alternatively, the creditor's claim could be viewed as consisting of the balance at the time of filing, reduced by the amount of the postpetition transfer. The creditor would then also have a claim under § 502(h) for the amount of the avoided transfer. Either way, the total amount of the creditor's

---

[2] *Tondee* also emphasized the general rule that, unless avoided, a lien passes through bankruptcy unaffected, even when no proof of claim is filed. 01.3 I.B.C.R. at 114–115.

MEMORANDUM OF DECISION - 6

claim(s) would be the same. The Court reasoned that because the creditor only sought to adjust the balance of the debtors' obligation under the mortgage, the creditor would not receive a double recovery. *Id*. at 115. Moreover, such an adjustment did not violate the discharge injunction in 11 U.S.C. § 524. *Id*. The Court granted the creditor the relief it requested: a declaratory judgment that its secured claim as of the filing date was "not reduced by virtue of avoided post-petition payments . . . ." *Id*. at 116.

Here, to protect itself, U.S. Bank seeks to adjust Debtors' loan balance; it has also filed a proof of claim relating to its return of the unauthorized postpetition transfer. Obviously, the bank can not adjust the loan balance and have its § 502(h) claim allowed, something counsel acknowledged at the hearing. Given U.S. Bank's efforts in pursuing its third party complaint and its motion for default, presumably it would prefer to adjust Debtors' loan balance and have its proof of claim disallowed. Therefore, based on *Tondee*, and in the absence of any opposition from Debtors, the Court is persuaded it should enter a default judgment declaring that Debtors' obligation to U.S. Bank under the consumer installment note and deed of trust, *see* Ex. 3, was not reduced by the $9,000 avoided payment

MEMORANDUM OF DECISION - 7

Debtors made to U.S. Bank. However, the judgment will disallow U.S. Bank's proof of claim for the amount of the avoided transfer.[3]

### C. U.S. Bank's Request for Fees and Costs.

U.S. Bank's request for fees and costs is premised on two separate grounds. The first is § 506(b), and the second is equity. Section 506(b) provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b).

The timely filing of a proper proof of claim is a prerequisite to the allowance of a creditor's claim. 11 U.S.C. § 502. And having an allowed secured claim is a prerequisite to the recovery of legal fees under § 506(b). *In re Tondee*, 01.3 I.B.C.R. at 115. Therefore, because U.S. Bank filed no proof of claim for the mortgage debt, it does not hold an allowed secured claim in this bankruptcy case

---

[3] Some cases suggest the preferred approach is to require the creditor to rely on its § 502(h) claim rather than "adjust" the loan balance. *See In re Franklin*, 254 B.R. 718, 722 (Bankr. W.D. Tenn. 2000) (noting that the recourse for a creditor that returns funds under § 549 is filing a proof of claim); *In re Garofalo's Finer Foods, Inc*., 186 B.R. 414, 435 (N.D. Ill. 1995) (holding that a creditor could file proofs of claim for funds disgorged under § 549 and § 550). But, again, in the absence of any opposition by Debtors, the Court is not interested in using this action to explore the merits of the two approaches any further.

MEMORANDUM OF DECISION - 8

and it can not add its legal fees incurred in this adversary proceeding to Debtors' loan balance under § 506(b).

The bank can not rely on its § 502(h) proof of claim to recover its fees either. First, of course, the Court has determined above that the § 502(h) claim should be disallowed. Even had it been allowed, § 506(b) limits the recovery of legal fees and costs to those "provided for under *the agreement under which such claim arose*." 11 U.S.C. § 506(b) (emphasis added). U.S. Bank's proof of claim for the $9,000 post-bankruptcy payment did not arise under any agreement with Debtors. It arose by virtue of the trustee's right to recover those funds under 11 U.S.C. §§ 549 and 550. *See* 11 U.S.C. § 502(h); *cf. In re Vulpetti*, 182 B.R. 923, 926–27 (Bankr. S.D. Fla. 1995) (holding that a nonconsensual lien can not be enhanced under § 506(b) because the claim does not arise from an agreement).

U.S. Bank has also failed to show that equity is an adequate basis to allow it to recover its legal fees and costs from Debtors. The bank argues that because it had no knowledge of Debtors' bankruptcy filing at the time of the payment, and because Debtors obviously knew they had filed a bankruptcy petition at the time, Debtors' conduct in making the unauthorized postpetition transfer was more culpable than the bank's conduct in accepting the payment.

MEMORANDUM OF DECISION - 9

According to U.S. Bank, this justifies shifting its fees and costs in this matter to Debtors.

The Court is unwilling to accept the bank's fundamental premise: that U.S. Bank had no prior notice of the bankruptcy filing. Indeed, U.S. Bank offered no evidence on this point. For example, the bank could have introduced the BNC notices from Debtors' bankruptcy case. If U.S. Bank's name was absent from the notice sent to creditors informing them of Debtors' filing, that absence may support an inference that U.S. Bank accepted the unauthorized postpetition transfer without any knowledge of Debtors' filing.

Even were it to prove it acted without knowledge of the bankruptcy, the Court is skeptical whether "equity" is a viable basis to impose one litigant's legal fees and costs on another litigant in the context of an adversary proceeding. Indeed, U.S. Bank cites no authority to support that proposition, and there "is no general right to attorney's fees under the Bankruptcy Code." *Thomason Farms, Inc. v. Tri-River Chemical Co.* (*In re Thomason Farms, Inc.*), 02.2 I.B.C.R. 107, 108 (Bankr. D. Idaho 2002). Therefore, it is doubtful whether U.S. Bank could, had it made a good record, prevail on this argument in any event.

MEMORANDUM OF DECISION - 10

The bank has the burden under Rule 7055 of showing its entitlement to the relief requested, and in this case, it has failed to do so as to its claim for fees and costs.

## CONCLUSION

The Court will grant U.S. Bank's motion for default judgment in part. U.S. Bank will be allowed to adjust Debtors' balance due under the consumer installment agreement and deed of trust to reflect it was not reduced by the avoided postpetition transfer of $9,000. Consequently, U.S. Bank's proof of claim under § 502(h) will be disallowed. U.S. Bank may not recover its fees and costs from Debtors.

Counsel for U.S. Bank may submit an appropriate form of order and judgment consistent with this decision.

Dated: July 22, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 11